**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Joshua S Barkley,

Plaintiff,

v.

City of Tempe, et al.,

Defendants.

No. CV-26-06612-PHX-KML

**ORDER**

Plaintiff Joshua S. Barkley filed "[t]his civil-rights action" based on his "public-records requests and complaints concerning municipal ambulance reporting, followed by . . . police activity, code-enforcement entry, surveillance, and construction activity." (Doc. 1 at 11.) Barkley must file a statement addressing whether he has stated plausible claims for relief.

## I. Background

The complaint is difficult to follow but it appears Barkley served as an "ambulance-service labor-officer" connected to the City of Tempe. (Doc. 1 at 17.) Either before or after being removed from that position, Barkley submitted "public-records requests and written complaints concerning Ambulance Revenue and Cost Reports." (Doc. 1 at 14.) Barkley identifies that as "protected activity" that allegedly led to "repeated monitoring near his home by plainclothes personnel, unmarked vehicles, neighborhood observation points, camera systems, and Phoenix Police presence." (Doc. 1 at 16.)

According to Barkley, in retaliation for his public-records requests and complaints

the City of Tempe directed a "hydrovac operation" near his home. (Doc. 1 at 20.) An "unmarked contractor" also performed "turf work" on Barkley's property. (Doc. 1 at 21.) And Barkley "observed construction trucks from multiple contractors . . . entering or operating behind" a vacant house near Barkley's. (Doc. 1 at 21.) Barkley "sought municipal intervention" regarding these construction activities but the City refused to act. (Doc. 1 at 21.)

Barkley also "observed multiple individuals" on the roof of an adjacent home "recording [Barkley] in his backyard." (Doc. 1 at 23.) He called the police but, after they arrived, the individuals who had been on the roof were allowed to leave. (Doc. 1 at 23.) Unrelated to the rooftop incident, Barkley observed a Phoenix Police cruiser "providing security or traffic presence" in Tempe. He submitted a public records request for documents that would allow the Phoenix Police to operate in Tempe. No records were produced. Finally, Barkley "observed a full-sized truck travel at an allegedly unsafe or uncontrolled speed through standing water and repeatedly spin its tires near the west side of [his] property." (Doc. 1 at 25.) An individual who Barkley believes was an "off-duty or undercover officer" observed the truck performing these maneuvers. The truck left the scene but returned and repeated the maneuvers. Barkley believes this was "intended to induce [him] to chase the truck and thereby produce a police stop or arrest." (Doc. 1 at 25-26.)

Based on these events, Barkley names as defendants:

- City of Tempe,
- Greg Ruiz, the "senior executive municipal official for the City of Tempe",
- Tempe Chief of Police Kenneth D. McCoy,
- Jeff Tamulevich, Director of Community Development and Code Enforcement, and
- Irma Hollamby Cain, Deputy Director of Community Health and Human Services.

(Doc. 1 at 13-14.) Barkley asserts four claims.

The first claim is identified as "First Amendment Retaliation." (Doc. 1 at 28.) Barkley alleges Ruiz and McCoy directed, authorized, ratified, or failed to stop the surveillance of his home because of Barkley's public-records requests. (Doc. 1 at 29.) There are no facts regarding actions taken by either of these individuals; Barkley only alleges Ruiz and McCoy were aware of his public-records requests.

Barkley's second claim is "Fourth Amendment Unreasonable Search and Seizure" brought against McCoy. (Doc. 1 at 30.) Barkley alleges the entry onto his curtilage and "prolonged monitoring directed at [his] home" violated his reasonable expectation of privacy. Barkley does not allege McCoy personally took those actions but McCoy allegedly "failed to investigate, preserve evidence, correct, discipline, or stop the challenged conduct" after Barkley complained. (Doc. 1 at 31.)

Barkley's third claim is "Fifth and Fourteenth Amendment Taking, Due Process, and Equal Protection" brought against Tamulevich and Cain. (Doc. 1 at 31.) These defendants allegedly "selectively used or ratified community-development, code-enforcement, and housing authority against [his] property." (Doc. 1 at 31-32.) There are no allegations explaining what actions Tamulevich and Cain personally took. But Barkley alleges the activities by unidentified actors constituted a taking because they were meant to decrease the value of his property.

Barkley's fourth and final claim is a *Monell* claim against the City of Tempe. (Doc. 1 at 33.) Although it is not clear, Barkley appears to believe his three other claims should also be viewed as involving policies or customs of the city.

## II. Analysis

Courts often dismiss a complaint when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Facts lack an arguable basis when they "are fanciful, fantastic and delusional." *Frost v. Office of Attorney Gen.*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). In addition, a court may dismiss a complaint that fails to state a claim before any defendant appears provided the court "give[s] notice of its

intention to dismiss and afford[s] plaintiff[] an opportunity to at least submit a written memorandum in opposition to such motion." *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (simplified).

Barkley's allegations of surveillance of his backyard from neighboring rooftops, unauthorized "turf work," and trucks attempting to lure him into a chase come perilously close to—or surpass—the "fanciful, fantastic and delusional" line. *Frost*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1. Barkley must file a statement explaining his good-faith belief that ties these events to the named defendants. But even assuming the court does not view the facts as fanciful, Barkley must file a statement addressing whether he has stated claims for relief against any named defendant.

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. "[E]ach Government official . . . is only liable for his or her own misconduct." *Id.* at 677. Here, Barkley has not alleged sufficient facts showing the individual defendants were personally involved in the underlying events. Instead, he has made conclusory allegations that the individuals directed, authorized, ratified, or failed to stop certain events. (Doc. 1 at 29.) That is not enough. A complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

As for his claim against Tempe, the city cannot be sued "under § 1983 solely

because an injury was inflicted by its employees or agents." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). In general, a municipality may be held liable in three circumstances: (1) the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury"; (2) a municipality failed to train employees in a manner so inadequate that the "policymakers of the city can reasonably be said to have been deliberately indifferent to the need"; or (3) "an official with final policy-making authority" was the tortfeasor or ratified a subordinate's unconstitutional action. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802-03 (9th Cir. 2018) (simplified). Barkley does not appear to allege underlying facts supporting any of these three. To be clear, Barkley must allege facts, not legal conclusions, if he wishes to proceed.

## III. Statement and Artificial Intelligence ("AI")

Barkley must file a statement explaining the following: 1) an explanation why his factual allegations do not qualify as fantastic; 2) the facts supporting individual liability against the individual defendants; and 3) the facts supporting a theory for municipal liability. Finally, the current complaint appears to have been generated using AI because it is formatted like, and contains wording identical to, many other AI-generated complaints. To ensure the court has an accurate set of facts, Barkley is prohibited from using AI in drafting his response to this order. His response must be personally drafted and must be based on his own personal knowledge.

## IV. Preliminary Injunction

Barkley filed a motion for preliminary injunction and request for expedited evidentiary hearing. (Doc. 6.) As set forth above, Barkley likely has not alleged non-fanciful facts supporting any claim for relief against the named defendants. It appears unlikely Barkley's complaint alleges a plausible claim and the additional information provided in support of his motion cannot cure the failure to state a claim. Failing to state a claim means Barkley has not established a likelihood of success on the merits or that there are serious questions going to the merits. *Arc of California v. Douglas*, 757 F.3d 975, 983

(9th Cir. 2014). Finally, because Barkley "has failed to show the likelihood of success on the merits," there is no need to reach the remaining preliminary injunction factors. *Garcia v. Google*, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (simplified).

**IT IS ORDERED** no later than **October 19, 2026**, plaintiff shall file a statement as outlined above.

**IT IS FURTHER ORDERED** the Motion for Preliminary Injunction and Expedited Evidentiary Hearing (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** as follows:

**Governing Rules**

Both counsel and *pro se* litigants must abide by the Rules of Practice of the U.S. District Court for the District of Arizona ("Local Rules") and the Federal Rules of Civil Procedure.

**Disclosure Statements**

Full compliance with Federal Rule of Civil Procedure 7.1 is required by plaintiff(s) and defendant(s). Rule 7.1(a)(1) requires any nongovernmental corporation to file a disclosure statement identifying "any parent corporation and any publicly held corporation owning 10% or more of its stock." Rule 7.1(a)(2) requires a party in an action where jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to file a disclosure statement identifying the citizenship of "every individual or entity whose citizenship is attributed to that party." A Corporate Disclosure Statement form is available at https://www.azd.uscourts.gov/forms/disclosure-statement.

**Service Deadline**

Service of the summons and complaint on each defendant located in the United States must occur within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service cannot occur within 90 days, a request for an extension may be filed *before* expiration of the 90-day period. Any such request must set forth the reason why service has not been accomplished and request a specific short additional period of time. If the court believes your reason constitutes "good cause," it will authorize a brief additional period to

accomplish service.

Proof of service must be filed with the Clerk of Court, in the form of an affidavit, promptly after service has been made. *See* Fed. R. Civ. P. 4(l). It is important to comply with this requirement because absent proof of service, the court will have no way of knowing that the complaint has been served.

This order serves as an express warning that the court will dismiss this action, without further notice to plaintiff(s), with respect to any defendant that is not timely served. *See* Fed. R. Civ. P. 4(m).

**Forms of Papers**

The parties shall adhere to all of the requirements of Local Rule 7.1, including the requirement that text and footnotes shall be no smaller than 13 point. Citations supporting any textual proposition shall be included in the text, not in a footnote.

Notices of supplemental authority and responses to those notices are limited to 350 words excluding case captions and signature blocks.

**Use of Generative Artificial Intelligence**

As set forth above, plaintiff is prohibited from using generative artificial intelligence (“generative AI”) in preparing his statement responding to this order. For all other filings, if generative AI is used, the filer must attach to the subject filing a separate declaration disclosing the use of generative AI and certifying that the filer, in the exercise of the filer’s independent judgment, has personally reviewed and verified the content of the filing as accurate and in compliance with Federal Rule of Civil Procedure 11. The declaration must identify which, if any, portion of the filing incorporates Generative AI outputs. Any party who presents to the court a pleading, written motion, or other paper incorporating inaccurate or undeclared generative AI outputs, including but not limited to inaccurate or non-existent case citations, may be subject to sanctions without further warning.

“Generative AI” as used in the previous paragraph refers to large language models that accept user input and generate new content. Generative AI includes, but is not limited to, the tools available through ChatGPT, Claude, Copilot, DeepSeek, Google Gemini, and

Grok.

**Paper Courtesy Copies**

Do not send paper courtesy copies of Federal Rule of Civil Procedure 7(a) pleadings, short procedural motions (*e.g.*, motions for extension of time), 26(f) reports, or stipulations. A paper courtesy copy of dispositive motions (or other lengthy motions that will be opposed) and any responses or replies thereto shall be either postmarked and mailed to the judge or hand-delivered to the judge's mailbox in the courthouse by the next business day after the electronic filing. Do not attempt to deliver documents to the judge's chambers. Courtesy copies should be double-sided and include the ECF-generated header at the top of each page. Courtesy copies of documents too large for stapling must be submitted in three-ring binders.

**Amending Pleadings**

Before filing a motion for leave to amend a pleading, the party that wishes to amend must seek the consent of the other parties in an attempt to file the amended pleading pursuant to Local Rule 15.1(b). If any party is unwilling to consent, the motion for leave to amend must indicate which party (or parties) will oppose the request. If a motion for leave to amend a pleading fails to so indicate, the motion will be denied without prejudice for failure to adhere to this order.

A motion to amend a pleading must be accompanied by a copy of the proposed amended pleading that indicates in what respect it differs from the pleading which it amends. Local Rule 15.1(a). If a party files an amended pleading as a matter of course, with the opposing party's written consent, or as a result of the court granting leave to amend in connection with a motion to dismiss, the amending party must file a separate notice that includes a copy of the amending pleading that indicates in what respect it differs from the pleading which it amends.

**Motions and Stipulations**

Every motion or stipulation, however mundane, must cite the rule(s) and/or law(s) that permit the court to grant the requested relief. Requests for extensions of time must

include a brief explanation of why the extension is needed to help the court determine whether there is good cause. *See* Fed. R. Civ. P. 6(b)(1)(A).

To ensure timely case processing, a party moving for an extension of time, enlargement of page limitations, or leave to file a document under seal shall indicate in the motion whether the non-movant opposes the request and intends to file a written response. If such a motion does not so indicate, it may be denied for failure to comply with this order.

Motions and stipulations should be accompanied by proposed orders. A proposed order is not necessary for motions that will require a reasoned analysis from the court, or for stipulations requesting issuance of the court's standard protective order with no amendments. These proposed orders must not be on letterhead or contain any information identifying the party submitting the order, and they must set forth the relief requested rather than incorporating the motion or stipulation by reference. *See also* Local Rule 7.1(b)(3). Proposed orders must be emailed—in Microsoft Word format (*not* PDF)—to Lanham_Chambers@azd.uscourts.gov. The subject line of the email must include the case name, case number, the words "proposed order for [name of motion]," and an indication of whether the motion is opposed or unopposed if this is not otherwise apparent from the name of the motion.

**<u>Rule 12 Motions Are Discouraged</u>**

Any motion under Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. The court therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, the movant confer with the opposing party to determine whether such motion can be avoided; and (2) the movant attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. *See also* Local Rule 12.1(c). The requirement to meet and confer and attach a certificate of conferral applies in equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals

and certificates filed before the complaint was amended. Any motion lacking the required certification may be summarily stricken.

Multiple defendants represented by the same counsel may not file separate Rule 12 motions. Defendants represented by the same counsel who wish to file a Rule 12 motion must file a single joint motion that includes all arguments applicable to any defendant.

**Protective Orders**

The court's standard protective order is available is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Lanham, Krissa M. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the court's review. In that case, all language added to the standard order by the parties should be redlined into a Word document using "tracked changes," and the parties' Word document with the tracked changes must be emailed to chambers. The parties are reminded that the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not mean the court will automatically order that filings containing such information be placed under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

**Motions to Seal**

Local Rule 5.6 governs sealing of court records in unsealed civil actions. Every motion to seal, including stipulations pursuant to Local Rule 5.6(d), must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. The stringent "compelling reasons supported by specific factual findings" standard articulated in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), applies to motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101. Merely noting that a document was designated confidential by a party will not satisfy any

applicable legal standard for sealing.

Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to Local Rule 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact.

**Emergencies and Expedited Consideration**

Any party desiring expedited consideration of a motion or other matter pending before the court may make such a request by filing a separate *Notice for Expedited Consideration* accompanied by a certificate from counsel for the moving party or, if unrepresented, the moving party. The certificate must set forth the following: 1) the facts establishing the need for expedited resolution; 2) the dates of the imminent events pertinent to the request; 3) whether the motion or request for expedited consideration could have been filed earlier; and 4) when or how the moving party will provide notice to all other parties and the other parties' positions on the motion. A request for expedited consideration that is simply mentioned in the caption/title of the related filing will not be considered—a separate notice and certificate must be filed.

**Requests to Reschedule Court Dates**

The court interprets Local Rule 7.3(b) as applying to requests to reschedule court dates due to attorney conflicts. As such, and to enable the court to efficiently manage cases, such requests must be made by motion or stipulation, must indicate the position of each other party, and (unless another party plans to file a written opposition, which would be appropriate only in rare circumstances) must propose to the court at least three dates/times when all counsel are available for rescheduling purposes.

**Noncompliance**

The parties are specifically advised that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the court. *See also* Local Rule 7.2(i) ("If a motion does not conform in all substantial

respects with the requirements of [the Local Rules], or if the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily.”).

**IT IS FURTHER ORDERED:**

1. That plaintiff(s) must promptly serve a copy of this order on defendant(s) and file a notice of service with the Clerk of Court;

2. That, unless the court orders otherwise, on **December 16, 2026** the Clerk of Court shall **terminate** without further notice any defendant in the United States that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 7th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**